UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ZACHARY STRAUSS,

                        Petitioner,

v.                                                   9:22-CV-0719
                                                       (BKS/CFH)

NYSDOCCS; NYS PAROLE DEPARTMENT,

                        Respondents.

---

APPEARANCES:

ZACHARY STRAUSS
Petitioner, pro se
2642 Genesee Street
1st Floor South
Utica, NY 13502

BRENDA K. SANNES
United States District Judge

# **DECISION and ORDER**

## I.  INTRODUCTION

Petitioner Zachary Strauss seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").  On July 8, 2022, the Court administratively closed the action for petitioner's failure to properly commence it.  Dkt. No. 3, Administrative Closure Order, at 2.  Petitioner was provided thirty days to either (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed, signed, and properly certified application to proceed in forma pauperis ("IFP").  *Id*.

Petitioner remitted the statutory filing fee, and the case was reopened.  Dkt. Entry dated 07/14/22 (identifying receipt information for the filing fee transaction); Dkt. No. 3, Text Order (reopening case).  Upon further review of petitioner's prior habeas action, and for the

reasons discussed below, this petition must be transferred to the Second Circuit as a successive petition.

## II.     PREVIOUS HABEAS PETITION

Petitioner previously filed two habeas corpus actions in this Court.  The first was in 2018, and challenged a 2012 judgment of conviction in Oneida County, upon a jury verdict, of first degree rape.  S*ee Strauss v. Tynon*, No. 9:18-CV-687 (GLS/TWD) ("*Strauss I*"), Dkt. No. 1, Petition ("Pet."), at 1.[1]  The New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment of conviction on direct appeal; on June 8, 2017, the New York Court of Appeals denied leave to appeal; and, on September 27, 2017, the Court of Appeals denied reconsideration.  *People v. Strauss*, 147 A.D.3d 1426, 1427 (4th Dep't 2017), *lv. denied* 28 N.Y.3d 1087 (2017), *recon. denied* 30 N.Y.3d 953 (2017).

Petitioner argued that he was entitled to habeas relief on the following grounds: (1) his rights to due process and equal protection were violated due to, among other things, the presentation of evidence of his prior bad acts in violation of the trial court's ruling; (2) defense counsel rendered ineffective assistance; (3) the court erred in admitting a video recording of his statement to law enforcement; and (4) the prosecution engaged in misconduct.  *Strauss I*, Pet. at 7-22.  The action was ultimately dismissed without prejudice pursuant to petitioner's motion to voluntarily withdraw the petition.  *Strauss I*, Dkt. No. 39, Motion; Dkt. No. 40, Response; Dkt. No. 41, Decision and Order dated 05/18/20; Dkt. No. 42, Judgment.

The second petition was filed in 2021, and again challenged the 2012 judgment of conviction in Oneida County, upon a jury verdict, of first degree rape.  *Strauss v. Tynon*, No.

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

9:21-CV-0554 (GLS) ("*Strauss II*"), Dkt. No. 1, Petition ("Pet."), at 1-2.  Petitioner argued that he was entitled to relief because newly discovered evidence demonstrated that he was actually innocent of the crime for which he was wrongfully convicted.  *Strauss II*, Pet. at 5.

Specifically, petitioner presented the affidavit of Thomas Sperduto – a man who he met, while incarcerated in 2019 –  who "stated he had firsthand knowledge of the alleged incident" and "that he was with [the victim] and [had] first hand knowledge that would refute what [she] was claiming to be true."  *Strauss II*, Pet. at 6-7.  Assuming the truth of the affidavit, in conjunction with information from a witness, Michael Tanner, petitioner concluded that the new evidence established that it was impossible for petitioner to have raped the victim on the alleged date and location.  *Strauss II*, Pet. at 6-7.[2]

In a Decision and Order dated April 29, 2022, this Court denied and dismissed the petition.  *Strauss II*, Dkt. No. 21, Decision and Order ("April Order"); *Strauss II*, Dkt. No. 22, Judgment.  The Court held that (1) to the extent there was a freestanding actual innocence claim available to petitioner, he had failed to satisfy the burden required to entitle him to its relief, and (2) the petition was untimely.  *Strauss II*, April Order at 15-28.  Specifically, the Court determined that petitioner's alleged "new evidence" was not compelling; it did not establish actual, factual innocence; and it could not save the petition from the statutory time bar.  *Strauss II*, April Order at 23-28.

## III.   THE PRESENT PETITION

Petitioner fails to provide all the details for the conviction which he is challenging;

---

[2]  To support his federal habeas claims, petitioner relies on Tanner and attorney Cooke's testimony from the 440 hearing determining whether petitioner's trial counsel was constitutionally ineffective.  *Compare* Pet. at 22 *with* Dkt. No. 15-2 at 449; *Compare* Pet. at 24-25 *with* Dkt. No. 15-2 at 490-91; *Compare* Pet. at 26-27 *with* Dkt. No. 15-2 at 499-500.

3

however, he indicates that it was from Oneida County, pursuant to a jury verdict, for first degree rape and resulted in a sentence of ten years incarceration and ten years post-release supervision.  Pet. at 1-2.

Petitioner also fails to provide all of the specifics associated with his direct appeal, but indicates that the New York State Appellate Division, Fourth Department, affirmed his judgment of conviction on July 7, 2016, and that the New York State Court of Appeals denied his application for leave to appeal on June 10, 2017.  Pet. at 2-3.

Petitioner also indicates that he filed a motion to vacate his conviction pursuant to New York State Criminal Procedure Law § 440.10 in Oneida County Court, in June of 2020, arguing ineffective assistance of counsel.  Pet. at 3.  While petitioner received a hearing, the motion was denied on January 6, 2021.  *Id.* at 3-4.

Finally, petitioner acknowledges one of the federal habeas petitions he filed in this district.  Pet. at 4 (identifying case number "9:21-CV-0554 (GLS)" seeking federal habeas relief pursuant to 28 U.S.C. § 2254 based upon petitioner's actual innocence).

Petitioner contends that he is entitled to federal habeas relief because (1) there was prosecutorial misconduct during his criminal trial when the People failed to request a *Ventimiglia* hearing before introducing inadmissible and false evidence of cocaine transactions, Pet. at 5-7; (2) petitioner is actually innocent based upon newly discovered evidence obtained during the course of petitioner's 440 motion, *id.* at 8-10; and (3) petitioner's trial counsel was constitutionally ineffective for failing to call a relevant witness to testify on petitioner's behalf, *id.* at 10-12.  In sum, petitioner states that he "has been fighting the charges from the beginning and has done numerous petitions seeking relief due to the fact that petitioner knows and asserts his innocence, and asks that the Northern Dist. Court

4

treat this as a claim of Actual Innocence[.]" *Id.* at 13.

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  Specifically, "[n]o . . . district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]"  28 U.S.C. § 2244(a).  Accordingly, a petition is second or successive when it attacks the same judgment that was previously attacked, *see Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003), and dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), in a prior petition.  *See also Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals.  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003).  Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application.  28 U.S.C. § 2244(b)(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or

successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, while petitioner failed to indicate all the specifics of his criminal conviction and direct appeal, he did acknowledge his previous habeas petition in this district, *Strauss II*, and the Court's search of its electronic database found habeas petitions filed by an individual with the same name, underlying criminal conviction, and approximate dates of state court decisions denying his direct appeal of his underlying criminal conviction. *Compare Strauss I*, Pet. at 1, *and Strauss II*, Pet. at 1-2, 5, *with* Pet. at 1-3. This reasonably indicates that, consistent with petitioner's incomplete representations, he in fact filed two prior habeas petitions in this district. As previously discussed, *Strauss II* also challenged petitioner's conviction from Oneida County, pursuant to a jury verdict, for first degree rape. *See Strauss II*, Pet. at 1-2. Thus, petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition.

Further, *Strauss II* was dismissed as untimely, which constitutes an adjudication on the merits and satisfies the second prong of filing a successive petition. *Strauss II*, April Order at 16-28; *see also Murray*, 394 F.3d at 81 ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' . . . ."). Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, petitioner made most, if not all of these arguments in his last two petitions.

However, the only argument analyzed in any detail concerned petitioner's allegations that he was actually innocent. *Strauss II*, Pet. at 5. While petitioner argues the same claim

6

here, he failed to include any specific facts supporting his claim. Accordingly, it is unclear to this Court whether petitioner advances his actual innocence claims based on the affidavit of Thomas Sperduto and testimony of Michael Tanner; however, if he does, those arguments were already denied by this Court in *Strauss II*. *Strauss II*, April Order at 15-28.

As district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## V.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 29, 2022

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge